McKinney, J.,
delivered the opinion of the Court.
This action was brought for an alleged breach of a covenant of seizin.
In December, 1851, the defendant, Cheek, conveyed to the plaintiff a lot of ground in the city of Memphis. The deed purports that the consideration of four thousand dollars was paid for said lot by the plaintiff to the defendant. This deed contains simply a covenant of general, warranty in the usual form. The plaintiff was let into possession of the lot — on which a mill had been erected — and still remains in the undisturbed possession of the same.
About eighteen months after the execution of the before mentioned deed, the defendant executed to plaintiff another deed for the same lot, upon the representation of plaintiff, as is stated in the proof, that the first deed was “formally defective.” The last deed was made *453 'upon no new consideration. It was made to bear the same date, and to recite the same consideration, of the first deed; and in no respect differed from it, except that it contained' a covenant of seizin, and that the dot was free from all incumbrances, and that' Oheek had a lawful right to sell and convey the same.
Upon this latter deed the present action is based. The breaches assigned, negative the several covenants 'above mentioned, especially the covenant -of seizin. :
The proof shows that Cheek derived title to the lot by conveyance from one Varnum Ozment, bearing date the 5th day of November, 1849. And it is further '•shown, that prior to the time of said conveyance, namfe-iy, on the 11th of May, 1847, Ozment had divested •himself of the legal title to said lot, by an ante-nuptial marriage settlement, under which the title was vested in •one James A. Banks, in whom it still remains.
It is proved that the consideration of the conveyance from Oheek to Park, was not four thousand dollars in money, as the deed imports; but that the true ■consideration was a steamboat, called the “ St. Cloud,” given in even exchange by the latter to the former for said lot.
The jury were instructed by the Court that the latter deed, containing new and additional covenants, if made without any new consideration to support it, would, for that reason, be inoperative and void.
In this instruction, it' is said, there is error.
In the proof as set forth in the bill of exceptions, there is nó intimation of fraud in the procurement of the second deed. It is. not made to appear whether the additional covenants in the latter deed were incorporated *454 therein in fulfillment of the original agreement, and to- . supply an unintentional omission in the first deed; or twhether they were inserted upon some new agreement between the parties, subsequent to the execution of the first deed; or whether, without any new contract, the-execution of the second deed was an act merely voluntary and superrogatory on the part of Cheek.
If, in the absence of fraud, Cheek, voluntarily and! understandingly, executed the second deed, with the intent, and for the purpose, of carrying out the original agreement between the parties at the time of making the contract, and to supply the omission in the first deed; or, if the original contract were s-ilent as to the covenants incorporated in the second deed, and the vendor, at the instance of the vendee, and with knowledge that the first deed was defective, in respect to the proper and necessary covenants, fairly and voluntarily executed the latter conveyance, as a farther and better assurance of title to the purchaser, intending that the fprmer deed should be abandoned, and the latter substituted in its stead; then, upon either hypothesis, it seems to us, the second deed would be valid and binding on Cheek. As regards the consideration, the latter conveyance would, in either view, be referred to the original consideration of the contract, and be sufficiently supported by it. No new or additional consideration would be requisite to give effect to the deed. The vendor, we think, would be estopped to question his liability on the covenants of the deed, on the score of want of consideration.
How it would be, if it were shown that "the execution of the second deed was superinduced, by fraud, or *455 artifice, on the part of the vendee, or in other supposable aspects of the case, we need not now inquire, as no such questions arise upon this record.
The question, as to the proper measure of damages in the present case, cannot be regarded as properly before us. Upon that subject, we refer to Kincaid v. Brittain, 5 Sneed, 119, 123; Sedgwick on Damages, 176, et. seq.
The judgment must be. reversed for error in the instruction given to the jury. The case will be remanded for a new trial.